In June 1992, Michael and Janet Asher sued Cruistar, Inc.; Volvo Penta of America; and Perdido Bay Marine Company, alleging breach of warranty regarding a Cruisers boat they had purchased. In August 1993, the Ashers amended their complaint to add KCS International, Inc. ("KCS"), under a successor corporation theory. The trial court entered a summary judgment for KCS, and pursuant to Rule 54(b), Ala.R.Civ.P., made that summary judgment final. The Ashers appeal. We affirm.
Pursuant to the standard of review for a summary judgment, this Court will view the evidence in the light most favorable to the Ashers and will therefore assume the following occurred: The Ashers purchased a Cruisers 2980 Esprit boat that had been manufactured by Cruistar, Inc., in September 1989. On March 12, 1993, operating then as Stock Acquisition, Inc., KCS purchased *Page 599 
certain Cruistar assets, including the "Cruisers" trademark and trade name, from Bank One, Green Bay. Bank One, Green Bay had obtained these assets from Cruistar through foreclosure proceedings. KCS also purchased real estate directly from Cruistar after Bank One, Green Bay had released certain liens on the real estate. Cruistar used the proceeds to decrease its debt with Bank One, Green Bay. The purchase agreements for the Cruistar assets contained a clause stating "The purchaser shall assume no obligations or liabilities of the seller, Cruistar, or of the subject business." After KCS's purchase, the Ashers amended their complaint to add KCS as a defendant.
At the time of KCS's purchase, Cruistar had 16 employees. After the purchase, KCS had 146 employees, 11 of whom had been past employees of Cruistar. KCS operates from the same manufacturing plant and uses some of the same advertising material Cruistar had used. KCS manufactures most of the same products Cruistar had manufactured, but does not manufacture the kind of boat purchased by the Ashers. KCS did not assume the obligations imposed on Cruistar by its dealership contracts or Cruistar warranties, but the sale included Cruistar's existing purchase orders for Cruisers boats. Of the 11 Cruistar employees who remained with KCS, several key employees were rehired into positions with KCS similar to those they had had with Cruistar. The Cruistar stockholders and board of directors did not remain the same after the KCS purchase. After the foreclosure and sale, Cruistar's Cruisers division no longer existed, but the Cruistar corporation did not dissolve.
The underlying allegations regarding the claimed breach of warranty and the claimed defects in the boat are not at issue in this appeal. The issue is simply whether KCS can be held liable as a corporate successor to Cruistar.
The Ashers argue that KCS was a "mere continuation of the enterprise" previously operated by Cruistar. They argue first that KCS bought every asset necessary to continue the manufacturing operations of Cruistar and that KCS also bought Cruistar's existing purchase orders. KCS has continued manufacturing Cruisers products, according to the Ashers, and is using the same manufacturing equipment and the same business operations of the Cruisers division of Cruistar. The Ashers also contend that several key employees of Cruistar are now employed at KCS The Ashers further allege that KCS used the Cruisers trade name in order to solicit business, and they argue that KCS should not be allowed now to deny its use of the name, to escape liability.
As a general rule, a purchasing corporation is not liable for the debts and liabilities of the selling corporation.Matrix-Churchill v. Springsteen, 461 So.2d 782 (Ala. 1984). The exceptions to this rule were first established in Andrews v.John E. Smith's Sons Co., 369 So.2d 781 (Ala. 1979), as follows:
 "[Where] (1) there is an express agreement to assume the obligations of the transferor, (2) the transaction amounts to a de facto merger or consolidation of the two companies, (3) the transaction is a fraudulent attempt to escape liability, or (4) the transferee corporation is a mere continuation of the transferor."
Id. at 785. The Ashers base their argument for the imposition of successor liability on alternative (4). They contend that KCS, as the purchasing corporation, is "a mere continuation" of Cruistar, the selling corporation.
This court has adopted a four-factor test for determining whether a purchasing corporation is a mere continuation of the selling corporation. If there is substantial evidence ofeach of the four factors, then KCS may be held liable as a successor corporation. Brown v. Economy Baler Co., 599 So.2d 1
(Ala. 1992). The factors are as follows:
 " '(1) There was basic continuity of the enterprise of the seller corporation, including, apparently, a retention of key personnel, assets, general business operations and even the [seller's] name.
 " '(2) The seller corporation ceased ordinary business operations, liquidated, and dissolved soon after distribution of consideration received from the buying corporation. *Page 600 
 " '(3) The purchasing corporation assumed those liabilities and obligations of the seller ordinarily necessary for the continuation of the normal business operations of the seller corporation.
 " '(4) The purchasing corporation held itself out to the world as the effective continuation of the seller corporation.' "
Id. at 3, quoting Turner v. Bituminous Casualty Co., 397 Mich. 406, 244 N.W.2d 873, 883-84 (1976), as quoted in Turner v. WeanUnited, Inc., 531 So.2d 827, 830 (Ala. 1988). See, also Pietz v.Orthopedic Equipment Co., 562 So.2d 152 (Ala. 1989).
First, we address the issue of foreclosure. As stated above, Cruistar's assets were acquired by Bank One, Green Bay through foreclosure. KCS bought the assets in the foreclosure sale. Therefore, we must determine what effect the foreclosure sale has on establishing successor liability based on the exception for a "mere continuation of the transferor." Although there is no Alabama case regarding the issue of foreclosure, this Court has addressed the issue of a lapse in time between the operation of a predecessor and the operation of a potential "successor corporation" in Clardy v. Sanders, 551 So.2d 1057
(Ala. 1989). In Clardy, the successor corporation was not formed until two months after the death of a businessman who had worked as the sole proprietor of a real estate business. This Court held that the lapse in time was not relevant, because the focus of the test was on the "continuity of operations"; it found no evidence of appreciable change in the operations of the business by the corporation. Id. at 1060. Similarly, in the present case, there was no indication in the record that there was any kind of interruption in the business operations of Cruistar during the foreclosure and the foreclosure sale to KCS. It should be noted that in some instances a foreclosure sale would obviously affect the "continuity of operations." Under those circumstances, a foreclosure and a foreclosure sale could have a critical influence on the application of this exception. However, based on the facts of this case, we conclude that KCS's purchase of Cruistar's assets through a foreclosure sale does not affect the imposition of successor liability.
The Ashers present a persuasive argument that there is substantial evidence regarding the first and fourth factors of the "continuity of enterprise test." KCS continued most of the business operations of Cruistar, and there is a legitimate question as to whether KCS held itself out to the world as the continuation of Cruistar. However, an evaluation or analysis of this evidence is not pertinent to this case, because one seeking to impose liability on the theory of corporate succession must present substantial evidence of all four
factors, and the Ashers did not present such evidence of factors (2) and (3).
Although Cruistar dissolved the Cruisers division of the corporation, Cruistar the corporation did not dissolve. The Ashers argue that the real intent of that requirement is that all the predecessor's ordinary business must have ceased. However, the rule provides that the corporation must "cease[ ] ordinary business operations, liquidate[ ], and dissolve[ ]." Indisputably, this has not occurred with Cruistar. SeeMatrix-Churchill v. Springsteen, 461 So.2d 782 (Ala. 1984) (holding that even though the purchasing corporation acquired 99.7% of the old stock and continued to operate the purchased corporation as a separate entity, the requirement that the old corporation "cease ordinary business operations, liquidate and dissolve" was not met, because the selling corporation did not completely dissolve).
Moreover, the Ashers failed to present substantial evidence of factor (3). The Ashers contend that because KCS purchased Cruistar purchase orders and because it manufactured boats to fill those orders, KCS assumed the obligations and liabilities of Cruistar. However, this argument is without merit.
In Brown, supra, which the Ashers heavily rely upon, the purchasing corporation purchased unfilled customer orders, purchase orders, and vendor commitments from the selling corporation. Yet, this Court held that the plaintiff in Brown
had failed to present any evidence that the purchasing corporation assumed the liabilities and obligations of the selling corporation. Brown, supra, at 3. *Page 601 
This Court also addressed this issue in Turner v. WeanUnited, Inc., 531 So.2d 827 (Ala. 1988). The plaintiff in Turner
argued that there was an implied assumption of liabilities because the second corporation agreed to use its best efforts to expand the demand for the products and to observe minimum standards in their production. The plaintiff in Turner
contended that "the purchase agreement was effectuated to cloak the [selling corporation] and the [purchasing corporation] from civil liability." Id. at 831. This Court stated that the plaintiff's argument was "wholly speculative and unsupported by any evidence." Id. The Court further explained that "[a]n assumption of liability would be a strong indicator of continuity of enterprise, and its absence here tends to indicate the contrary." Id. The Turner analysis is applicable to the present case.
In many of the cases relied upon by the Ashers, the purchasing corporation expressly assumed liability for products previously manufactured by the selling corporation. See, for example, Rivers v. Stihl Inc., 434 So.2d 766 (Ala. 1983). However, in the present case, the purchase agreement expressly disclaimed any liability for Cruistar manufactured products. Although this provision in the purchase agreements is not dispositive of the issue, it is an indication that KCS did not assume Cruistar's liabilities and obligations. This indication has not been disproved with evidence presented by the Ashers. KCS presented evidence that it declared existing dealer agreements invalid and evidence that it did not honor warranties on boats sold by Cruistar. Moreover, KCS does not manufacture all of the kinds of boats built by Cruistar, and KCS has never manufactured the kind of boat purchased by the Ashers.
The Ashers argue that when the totality of the circumstances demonstrates a basic continuity of enterprise it should not be necessary that each of the four factors be proved. We disagree. In Brown, supra, this Court held that each of the four factors must be met before a successor corporation may be held liable based on the "mere continuation" of the enterprise exception. Although the Ashers presented evidence that many basic business operations were continued by KCS and that KCS took steps to hold itself out to the world to be a long-time manufacturer of Cruisers boats, the Ashers did not present substantial evidence of all four factors. As stated in Brown, supra, these factors are to be considered in the conjunctive, not in the alternative. Brown, 599 So.2d at 3. Therefore, based on the facts of this case and the reasons stated above, we hold that the evidence presented by the Ashers was insufficient to create a genuine issue of material fact as to whether KCS was, as to Cruistar, a successor corporation and therefore liable for the defects in the Ashers' boat.
AFFIRMED.
HOUSTON, INGRAM and BUTTS, JJ., concur.
ALMON, J., concurs in the result.